UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

| | |
|---|---|
| RDK PROPERTIES, LLC | CIVIL ACTION NO. 22-5330 |
| VERSUS | JUDGE DONALD E. WALTER |
| COVINGTON SPECIALTY INSURANCE COMPANY | MAGISTRATE JUDGE PEREZ-MONTES |

---

## MEMORANDUM ORDER

Before the Court is a motion for partial summary judgment, filed by Defendant, Covington Specialty Insurance Company ("Covington"). See Record Document 29. Plaintiff, RDK Properties LLC ("RDK") opposes the motion, and Covington filed a reply. See Record Documents 31 and 34. For the reasons assigned below, Covington's motion is **DENIED**.

## BACKGROUND

The matter before the Court arises from damages allegedly sustained during Hurricane Laura and Hurricane Delta to two of RDK's commercial properties in Alexandria, Louisiana. At the time of the hurricanes, both properties were insured by Covington. RDK alleges that Covington failed to timely or adequately compensate it for covered losses, raising claims for breach of contract and bad faith under Louisiana law. Covington has filed the instant motion for partial summary judgment, arguing that RDK is limited to the actual cash value of repairs and that RDK cannot seek replacement cost value or coverage under the policy's code upgrade provisions due to RDK's failure to complete repairs within the two-year time period allotted under the policy. See Record Document 29. RDK opposes the motion, contending that it could not complete repairs due to Covington's underpayment of the claim and that its failure of payment should be excused. See Record Document 31.

## LAW AND ANAYLSIS

**A.     Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  See id.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)).

**B.     Insurance Law.**

Where federal jurisdiction is based on diversity of citizenship, as it is here, a federal court applies the substantive law of the forum state.  See Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78–79, 58 S. Ct. 817, 822 (1938)). Louisiana law applies in this case.  Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003).  Louisiana's Civil Code provides that "[i]nterpretation of a contract is the determination of the

common intent of the parties." La. Civ. Code art. 2045; see also Cadwallader, 848 So.2d at 580. "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." Cadwallader, 848 So.2d at 580. Ambiguous policy provisions are generally construed against the insurer and in favor of coverage. See La. Civ. Code art. 2056; Cadwallader, 848 So.2d at 580. The insured bears the burden of proving a policy affords coverage for an incident, while the insurer bears the burden of providing the applicability of an exclusionary clause within a policy. See Jones v. Estate of Santiago, 870 So.2d 1002, 1010 (La. 2004).

C. **Covington's Motion.**

Covington's policy provides coverage for replacement cost value, as opposed to actual cash value, but with several limitations, including that Covington "will not pay on a replacement cost basis for any loss or damage: (1) [u]ntil the lost or damaged property is actually repaired or replaced; and (2) [u]nless the repair or replacement is made as soon as reasonably possible after the loss or damage." Record Document 29, Ex. 3 at 19. The Covington policy also provides increased cost of construction coverage, subject to several limitations, including that Covington "will not pay for the Increased Cost of Construction: (i) [u]ntil the property is actually repaired or replaced at the same or another premises; and (ii) [u]nless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. . . ." Id., Ex. 3 at 9.

It is undisputed that the properties at issue remain unrepaired in many respects. After the hurricanes, the roofs on both of the buildings began to leak in multiple spots. RDK has performed "patch repairs" on the two roofs but two roofing companies advised RDK that the roofs should be replaced. The lowest estimates that have been received are $199,500 for one building and $171,000 for the other building. Because the hurricane damage occurred more than two years ago,

3

Covington argues that RDK's recovery is limited to actual cash value under the policy. RDK, however, alleges that Covington has only paid $27,553.22 toward one building and $914.26 for the other building and that the actual cash value of the damages is approximately $371,000. See Record Document 31-3.

The caselaw is clear that "[f]ulfillment of a contractual promise is not excused by the failure of a condition which the promisor himself causes to happen." In re Deepwater Horizon, 786 F.3d 344, 361 (5th Cir. 2015) (quoting Ballard v. El Dorado Tire Co., 512 F.2d 901, 907 (5th Cir. 1975)). Judge James Cain has addressed the exact issue[1] before this Court, with Covington as the defendant, and concluded that "[t]o the extent that plaintiff can show that it was unable to complete repairs due to an underpayment of the claim, it may establish a right to recover Replacement Cost Value and/or Increased Cost of Construction." Dollar Elec. Inc. v. Covington Specialty Ins. Co., No. 21-3041, 2023 WL 5942313, at *2 (W.D. La. Sept. 12, 2023); see also TGS Props. LLC v. Covington Specialty Ins. Co., No. 22-1935, 2023 WL 6340676, at *2 (W.D. La. Sept. 28, 2023). This Court agrees with Judge Cain's analysis and conclusion and finds that summary judgment is not warranted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Covington's motion for partial summary judgment (Record Document 29) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 22nd day of March, 2024.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] Notably, Covington has copied and pasted much of its argument from its unsuccessful cases with Judge Cain and filed them in this Court with regard to RDK.